UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VINCENT BRISCOE and JESSICA BRISCOE,

Plaintiffs,

v. Case No. 8:26-cv-794 -SPF

THE UNITED STATES OF AMERICA,

Defendant.
_______________________________________/

**ORDER**

Before the Court is Defendant's Motion to Dismiss (Doc. 14). For the reasons stated herein, the motion is granted.

**I. Factual Background**

On March 27, 2024, Plaintiffs Vincent Brisco and Jessica Briscoe were involved in a motor vehicle accident during which their vehicle collided with a vehicle operated by an employee of the United States Postal Service ("USPS"). (Doc. 1, ¶¶ 7–10). Both Plaintiffs claimed injuries. (Doc. 1, ¶¶ 13, 18). Plaintiffs subsequently filed an administrative claim with USPS which was denied on September 11, 2025.[1] (Doc. 1, ¶ 5, Doc. 1-1, Doc. 14-1). On March 25, 2026, Plaintiffs filed the instant action. (Doc. 1). Defendant now moves to dismiss the case, arguing this Court lacks jurisdiction because Plaintiffs have failed to timely file their case within the statute of limitations. (Doc. 14 at 1).

[1] This Court may consider the exhibits submitted in support of Defendant's Motion to Dismiss because they are central to Plaintiffs' claims and referenced in the Complaint. *See Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (highlighting that courts may consider documents that are central to the claims made in the complaint).

## II. Legal Standard

A motion to dismiss for lack of subject matter jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(1). "Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). If a court determines that there is no subject matter jurisdiction, the court must dismiss the case. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

Under Rule 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief may be granted. To withstand a Rule 12(b)(6) motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court assumes all well-pleaded factual allegations as true and evaluates all plausible inferences derived from those facts in favor of the plaintiff. *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (internal citation omitted). Mere legal conclusions, however, are not entitled to the assumption of truth. *Ashcroft*, 556 U.S. at 678.

## III. Analysis

Tort claims against the government are governed exclusively by the Federal Tort Claims Act (FTCA) which provides a limited waiver of sovereign immunity "for claims arising from torts committed by federal employees acting within the scope of their employment." *Jones v. United States*, No. 22-13381, 2024 WL 837054 (11th Cir. Feb. 28, 2024) (quoting *Motta ex rel. A.M. v. United States*, 717 F.3d 840, 843 (11th Cir. 2013)). However, to

successfully bring a lawsuit under the FTCA, a claimant must first present his claims to the appropriate federal agency within two years of the date that the claim accrues. 28 U.S.C. § 2401(b). If the agency denies the claim, the claimant must then file suit in federal court within six months of the denial. *Id.* If the claimant fails to do either, his claim "shall forever be barred." *Id.*

Here, Defendant maintains that this action is untimely because Plaintiffs received notice of USPS's denial on September 11, 2025, but did not commence the instant action until, March 25, 2026, fourteen days after the six-month deadline prescribed under 28 U.S.C. § 2401(b) had passed. In response, Plaintiffs dispute the sufficiency of the purported notice. First, Plaintiffs argue that the denial letter sent from USPS was ambiguous because it was addressed to "Jennifer Briscoe & Vincent Briscoe" not Plaintiffs "Jessica Briscoe & Vincent Briscoe." (Doc. 17 at 2–4). Second, Plaintiffs argue that "neither this Court nor Plaintiffs can properly verify whether Defendants' Final Notice was transmitted to the proper address and who received it." (Doc. 17 at 4). Plaintiffs' arguments are unavailing.

Though the denial letter (Doc. 14-1) did contain a scrivener's error in that it referenced Plaintiff Jessica Briscoe as "Jennifer Briscoe," the letter explicitly referenced Plaintiffs' individual agency claim numbers before concluding that "these claims are denied." (Doc. 14-1 at 1). This situation sharply differs from *Wycoff v. U.S.*, the case cited by Plaintiffs in support of their position. In *Wycoff*, the court found the plaintiff's action was still timely because the purported "final notice" sent by the United States contained a settlement offer and did not explicitly state that it was a final denial of the plaintiff's claims. No. 3:10-CV-1035-J-32MCR, 2012 WL 254707, at *3 (M.D. Fla. Jan. 27, 2012). Here, however, the letter sent by USPS affirmatively stated that Plaintiffs' claims were denied and cited to the specific claim numbers

associated with the denials. Therefore, despite Plaintiffs' contention, no genuine ambiguity regarding which claims were denied can be said to exist.

Similarly, despite Plaintiffs' contention that the recipient of the denial letter is "unverifiable," based on the record before this Court, it is quite evident that the letter was sent to Plaintiff's counsel's law firm. Indeed, the USPS tracking information identifies that the letter was sent via certified mail to Plaintiffs' counsel's office at 915 Outer Rd., Suite 100, Orlando, FL 32814, and was signed for and received by a representative of "Todd Miller Law." (Doc. 24-3). Accordingly, Plaintiffs' argument Defendant cannot establish that a final denial of Plaintiffs' claims was issued fails. *See Dotson v. United States*, 30 F.4th 1259, 1268 (11th Cir. 2022) ("Plaintiffs' argument that the government failed to comply with the regulation lacks merit because the government complied with the plain language of [39 C.F.R. § 912.9] when the USPS sent the denial letter to [plaintiffs' counsels' law firm]."); 39 C.F.R. § 912.9 ("Final denial of an administrative claim shall be in writing and sent to the claimant, his attorney, or legal representative by certified or registered mail."); *see also Greco v. U.S.*, No. 26-61253-CIV, 2026 WL 2149446, at *3 (S.D. Fla. July 27, 2026) (highlighting that the Eleventh Circuit strictly enforces the six-month filing requirement to run from the date the denial letter was mailed).

Finally, the Court recognizes that even when an action pursuant to the FTCA is untimely filed, the Court still retains jurisdiction and may choose to permit the case to be heard under the doctrine of equitable tolling. *See United States v. Wong*, 575 U.S. 402, 410 (2015) (holding that 28 U.S.C. § 2401(b) "does not define a federal court's jurisdiction over tort claims generally, address its authority to hear untimely suits, or in any way cabin its usual equitable powers"). However, "[e]quitable tolling is appropriate when a movant untimely files

because of *extraordinary circumstances* that are both beyond his control and unavoidable even with diligence." *Arce v. Garcia*, 434 F.3d 1254 (11th Cir. 2006) (emphasis in original) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir.1999)).

Here, though Plaintiffs maintain that equitable tolling is "implicated under the unusual and extraordinary circumstances of this case," they cite to no specific circumstance justifying equitable tolling beyond the "ambiguous and fatally flawed Final Notice." (Doc. 17 at 4–5). For the reasons discussed above, the September 11, 2025 notice sent by USPS was neither ambiguous nor fatally flawed. Accordingly, the Court finds they are no extraordinary circumstances present in this case that would justify equitable tolling. *See Dotson*, 30 F.4th at 1269 (affirming the district court's finding the plaintiffs' FTCA claims were not entitled to equitable tolling where despite the plaintiffs' good faith efforts to settle the case no extraordinary circumstances justifying equitable tolling were present).

## IV. Conclusion

It is ORDERED:

1. Defendant's Motion to Dismiss (Doc. 14) is GRANTED.
2. The Clerk of Court is directed to enter judgment in Defendant's favor and close the case.

ORDERED in Tampa, Florida, on September 22, 2026.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE